UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 28, 2006[*]
Decided March 29, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Nos. 05-1506 & 05-1837

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

COREY L. HOWARD and
ANTHONY THOMAS,
    *Defendants-Appellants.*

Appeals from the United States
District Court for the Southern
District of Indiana, Indianapolis
Division

Nos. 1:04CR00028-005 & 006

David F. Hamilton,
*Judge.*

## O R D E R

Anthony Thomas pleaded guilty to conspiracy and Corey Howard was found guilty by a jury for participating in a conspiracy to distribute more than five kilograms of a cocaine mixture in violation of 21 U.S.C. § 841(a)(1), 846, and 851.  In this consolidated appeal, Thomas argues that the district court improperly denied his motion to withdraw his guilty plea because he provided fair and just reasons for withdrawal.  Howard in turn argues that the evidence did not support his conviction for conspiracy, and that the jury instructions misleadingly allowed the jury to

---

[*] On December 5, 2005, we granted the defendants' motion to waive oral arguments.  Therefore, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 43(f).

conclude that several distinct conspiracies were part of a single conspiracy.  We affirm as to both defendants.

**Thomas**

In February 2004, Thomas was indicted for conspiring with others to distribute more than five kilograms of a substance containing cocaine.  He initially pleaded not guilty, but later changed his plea and agreed that a sentence between 168 and 210 months' imprisonment would be appropriate.  Thomas also agreed to waive his right to appeal his conviction and sentence or to collaterally attack his sentence.  The district court conducted a plea colloquy and then accepted Thomas's guilty plea.  Before sentencing, however, Thomas retained new counsel and moved to withdraw his plea, arguing that his initial willingness to plead had been based on prior counsel's incorrect estimate of his likely sentence.  Specifically, he asserted that his original counsel told him that he would not receive a better plea agreement if he proceeded to trial, but later he learned that several coconspirators who went to trial received better plea offers.  The court denied the motion, finding that Thomas knowingly and voluntarily entered into the plea agreement.  The court sentenced Thomas to 180 months' imprisonment—the middle of the range outlined in his plea agreement.

On appeal, Thomas reiterated that prior counsel rendered ineffective assistance when he incorrectly predicted the sentence.  Ineffective assistance of counsel is a valid reason to withdraw a guilty plea because it renders the plea involuntary.  *United States v. Carroll*, 412 F.3d 787, 793 (7th Cir. 2005).  To establish ineffective assistance in a plea bargain, a defendant must establish that counsel failed to learn facts about the case or failed to make a good-faith estimate of the likely sentence.  *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005).  Although "a gross mischaracterization of the sentencing consequences of a plea" may indicate that counsel performed deficiently, *id.*, a counsel's "mere inaccurate prediction of a sentence" does not, *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999).

The prediction of Thomas's prior counsel that the government would seek a longer sentence if Thomas proceeded to trial was not a gross mischaracterization of the consequences of his plea.  Thomas asserts that his counsel advised him that the government *may* seek a longer sentence.  While counsel may have overestimated the risk of the longer sentence, Thomas acknowledges that he was aware that it was possible that the government would not adjust the sentence.  Rather than face that possibility, Thomas accepted counsel's advice and chose to avoid the risk of a longer sentence by pleading guilty.  Notably, Thomas does not allege that counsel failed to advice him in good-faith or to discover any facts that would have been relevant to his

case. Counsel's advice about the risks of a longer sentence, even if incorrect, was not objectively unreasonable.

## Howard

As for Howard, he was convicted by a jury of conspiring to distribute more than 50 kilograms of cocaine. One of the issues at trial was whether Howard was involved in a single conspiracy or multiple conspiracies. Prentice Greer, the government's main witness, testified that Howard was one of several distributors who helped sell cocaine that Greer had been receiving from a single source for more than five years. Greer said that Howard distributed cocaine for more than two years beginning five years before the trial, but that Howard stopped distributing for him for two years. Greer stated that Howard rejoined his operation and resumed distributing several months before being arrested.

Howard now challenges whether the evidence produced by the government at trial was sufficient to establish a single conspiracy. He argues that there is a "fatal variance" between the charge of a single conspiracy and facts that the government established at trial of multiple independent conspiracies. Specifically, Thomas argues that the evidence showed that he left the conspiracy and stopped selling cocaine for two years, and when he returned another conspiracy involving different participants was taking place.

A fatal variance exists only if no reasonable jury could find the evidence sufficient to establish that the defendant participated in a single, charged conspiracy, and the defendant was prejudiced by the variance. *United States v. Stigler*, 413 F.3d 588, 592 (7th Cir. 2005); *United States v. Messino*, 382 F.3d 704, 709 (7th Cir. 2005). A defendant is guilty of conspiracy when two or more people agree to commit a crime, and the defendant knowingly and intentionally joins the agreement. *Stigler*, 413 F.3d at 592. We review the evidence in a light most favorable to the government. *Messino*, 382 F.3d at 709.

The government's evidence at trial demonstrated that Greer operated within a single ongoing conspiracy for more than five years and that Howard left and rejoined the same conspiracy. First, the government introduced Greer's testimony that he consistently received cocaine from the same source—a man named "Tupo" from Mexico—and that Howard was one of the distributors of that cocaine beginning more than five years earlier. Although Greer testified that Howard stopped distributing for two years, Greer also stated that when Howard returned to the operation they were still distributing the drugs obtained from Tupo. The government also produced several transcripts of telephone conversations after Howard's return to the operation that established that Howard was once again distributing the cocaine that Greer received from Tupo. A reasonable jury could determine that Greer ran a single

conspiracy in which drugs were obtained from the same Mexican source for more than five years, and that the conspiracy was ongoing during the time that Howard left and later rejoined it.

Howard also challenges the sufficiency of the evidence that he was involved in a conspiracy to sell a quantity more than 50 kilograms of cocaine. He argues that the evidence showed only that he was involved in several conspiracies to distribute smaller amounts—the sum of which did not amount to more than 50 kilograms.

A conspirator is responsible not only for the drug amounts in which he was directly involved, but also for reasonably foreseeable amounts in coconspirators' transactions. *United States v. McLee*, 436 F.3d 751, 765 (7th Cir. 2006). The jury here reasonably concluded that Howard could foresee that the conspiracy involved more than 50 kilograms. The government presented transcripts of telephone conversations in which Howard and Greer discussed amounts of cocaine well beyond those with which he was directly involved. The government also presented Greer's undisputed testimony that he delivered nine ounces of cocaine to Howard every two months for two years, and that in the months before his arrest, he delivered cocaine to Howard many times, including five kilograms at one point.

Finally, Howard argues that the district court tendered overbroad jury instructions of multiple conspiracies that would allow a jury to consider activities beyond the scope of the charged conspiracy. He contends that if the jury considered cocaine sales beyond the scope of the charged conspiracy, he could end up being convicted for these sales a second time at a later trial.

Howard did not object to the jury instructions at trial, so our review is for plain error. *United States v. Peters*, 435 F.3d 746, 754 (7th Cir. 2006). We will affirm jury instructions that fairly and accurately summarized the law and are supported by the record. *United States v. Graham*, 431 F.3d 586, 589 (7th Cir. 2005). Improper jury instructions rarely justify reversing a criminal conviction when the defendant did not object in the district court, so the error must be such that it probably changed the outcome of the trial. *Peters*, 435 F.3d at 754.

Here, the instructions do not direct the jury to consider activities beyond the scope of the charged conspiracy. The instructions stated that to convict Howard, the jury would need to "find beyond a reasonable doubt that there were two or more conspiracies and that Mr. Howard was a member of one or more of these conspiracies," and the jury would also need to "find beyond a reasonable doubt that this proven conspiracy was included within the scope of the conspiracy as described in Count I." The instruction specifically directed the jury to consider only activities "within the scope of the conspiracy" in Count I. Additionally, these instructions

have already been approved as an accurate description of the law for multiple conspiracies.  *See United States v. Wilson*, 134 F.3d 855, 865 (7th Cir. 1998).

Accordingly, we AFFIRM the district court's denial of Thomas's motion to withdraw his plea as well as Howard's conviction.